```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN LEONARD AND             :     CONSOLIDATED UNDER
SANDRA LEONARD,              :     MDL 875
                             :
     Plaintiffs,             :
                             :     Transferred from the
                             :     Northern District of
     v.                      :     California
                             :     (Case No. 12-00714)
                             :
CBS CORPORATION,             :
ET AL.,                      :     E.D. PA CIVIL ACTION NO.
                             :     2:12-60177-ER
     Defendants.             :
```

## O R D E R

**AND NOW,** this **28th** day of **January, 2014**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant General

Dynamics Corporation (Doc. No. 32) is **GRANTED.**[1]

---

[1] This case was transferred in August of 2012 from the United States District Court for the Northern District of California to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiffs allege that John Leonard ("Plaintiff" or "Mr. Leonard") was exposed to asbestos, inter alia, while working at the Mare Island Naval Shipyard during the early 1960s. Defendant General Dynamics Corporation ("General Dynamics") built ships. The alleged exposure pertinent to Defendant General Dynamics occurred during Mr. Leonard's work aboard:

- USS Darter
- USS Skipjack
- USS Flasher
- USS Nautilus
- USS Seawolf

Plaintiffs brought claims against various defendants to recover for his asbestos-related illness. Defendant General Dynamics has moved for summary judgment arguing that (1) it cannot be liable on a strict product liability claim, (2) it had no duty to warn Mr. Leonard about any of the hazards aboard the

ship it built, (3) Plaintiffs have no evidence of exposure for which Defendant is liable, and (4) it is immune from liability by way of the government contractor defense. The parties assert that maritime law applies.

## I. Legal Standard

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### B. The Applicable Law

The parties assert that maritime law applies. Whether maritime law is applicable is a threshold dispute that is a question of federal law, see U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the law of the circuit in which this MDL court sits. See Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has previously set forth guidance on this issue. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

2

In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. Id. at 463-66 (discussing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury be caused by a vessel on navigable waters. Id. In assessing whether work was on "navigable waters" (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters. See Sisson v. Ruby, 497 U.S. 358 (1990). This Court has previously clarified that this includes work aboard a ship that is in "dry dock." See Deuber v. Asbestos Corp. Ltd., No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011)(Robreno, J.)(applying maritime law to ship in "dry dock" for overhaul). By contrast, work performed in other areas of the shipyard or on a dock, (such as work performed at a machine shop in the shipyard, for example, as was the case with the Willis plaintiff discussed in Conner) is land-based work. The connection test requires that the incident could have "'a potentially disruptive impact on maritime commerce,'" and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365, and n.2).

### Locality Test

If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard, and includes those in "dry dock"), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." Conner, 799 F. Supp. 2d at 466; Deuber, 2011 WL 6415339, at *1 n.1. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.

### Connection Test

When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those

claims will almost always meet the connection test necessary for the application of maritime law. Conner, 799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at 534). This is particularly true in cases in which the exposure has arisen as a result of work aboard Navy vessels, either by Navy personnel or shipyard workers. See id. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. Id.

It is undisputed that the alleged exposures pertinent to Defendant occurred aboard a ship. Therefore, these exposures were during sea-based work. See Conner, 799 F. Supp. 2d 455; Deuber, 2011 WL 6415339, at *1 n.1. Accordingly, maritime law is applicable to Plaintiff's claims against Defendant. See id. at 462-63.

C. A Navy Ship Is Not a "Product"

This Court has held that a Navy ship is not a "product" for purposes of application of strict product liability law. Mack v. General Electric Co., 896 F. Supp. 2d 333, 345 (E.D. Pa. 2012) (Robreno, J.). As such, a shipbuilder defendant cannot face liability on a strict product liability claim. Id.

D. Navy Shipbuilder Negligence Under Maritime Law

This Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id.

E. Causation Under Maritime Law

In order to establish causation for an asbestos claim under maritime law, a plaintiff must show, for each defendant, that, inter alia, he was exposed to asbestos for which the defendant is liable such that the asbestos was a substantial factor in causing the injury he suffered. Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005); citing Stark v. Armstrong World Indus., Inc., 21 F. App'x 371, 375 (6th Cir.

2001). A mere showing that an asbestos product was present somewhere at plaintiff's place of work is insufficient. Id. Rather, the plaintiff must show "'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" Id. at 376 (quoting Harbour, 1991 WL 65201, at *4).

## II. Defendant General Dynamics's Motion for Summary Judgment

### Strict Liability

General Dynamics argues that, as a shipbuilder, it cannot be liable on a strict product liability claim because this Court ruled in Mack that a Navy ship is not a "product."

### No Duty to Warn

General Dynamics argues that, as a shipbuilder, it had no duty to warn Mr. Leonard about any of the hazards aboard the ships it built.

### Exposure / Causation

General Dynamics argues that Plaintiffs have no evidence of asbestos exposure for which it is liable.

### Government Contractor Defense

General Dynamics asserts the government contractor defense, arguing that it is immune from liability in this case, and therefore entitled to summary judgment, because the Navy exercised discretion and approved reasonably precise specifications for the products at issue, Defendants provided warnings that conformed to the Navy's approved warnings, and the Navy knew about the hazards of asbestos. In asserting this defense, General Dynamics relies upon the affidavit of Admiral David P. Sargent, Jr.

### Defendant's Objections to Plaintiffs' Evidence

In connection with its reply briefing, Defendant General Dynamics has asserted objections to certain pieces of Plaintiffs' evidence, seeking to have portions stricken.

### B. Plaintiffs' Arguments

Strict Liability

In response to Defendant's argument that it can face no strict liability in a product liability case, Plaintiffs argue that a Navy ship should be considered a "product."

No Duty to Warn

Plaintiffs contend that Defendant owed him a duty of reasonable care under the circumstances, which included warning him of hazards aboard the ships it built. In support of this assertion, Plaintiffs cite to a declaration of expert Richard Cohen, who provides testimony to establish that Defendant should have known (and likely knew) of the hazards of asbestos at the time it built the ships at issue.

Exposure / Causation

Plaintiffs contend that Mr. Leonard was exposed to asbestos from insulation aboard the ship at issue and that Defendant is liable for injuries arising from this exposure. In support of their assertion that they have identified sufficient evidence to survive summary judgment, Plaintiffs cite to various pieces of evidence, which is summarized here in pertinent part:

- Declaration of Co-Worker Gerald Orr
    Mr. Orr provides testimony that Mr. Leonard was exposed to respirable dust from thermal insulation while aboard the ships at issue in the 1960s. He states that he did not see any warnings about asbestos aboard the ship and that he never saw Mr. Leonard wearing any sort of respirator or protective mask.

    (Pl. Ex. A, Doc. No. 39-2.)

- Declaration of Expert Charles Ay
    Mr. Ay provides testimony that "into at least the 1970s, all pipe insulation in use on the extensive network of high pressure and high temperature pipelines running throughout the Naval vessels aboard which I worked contained asbestos."

6

(Pl. Ex. B, Doc. No. 39-3.)

Government Contractor Defense

Plaintiffs argue that summary judgment in favor of Defendant on grounds of the government contractor defense is not warranted because there are genuine issues of material fact regarding its availability to Defendant. To contradict the evidence relied upon by Defendant, Plaintiffs cite to (a) MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which Plaintiffs contend indicates that the Navy explicitly permitted (and perhaps even required) warnings.

Defendant's Objections to Plaintiffs' Evidence

Because Defendant's objections were submitted in connection with its reply briefing, Plaintiffs have not responded to these objections.

Plaintiffs' Objections to Defendant's Evidence

In connection with their opposition brief, Plaintiffs have submitted objections to portions of Defendant's evidence.

### C. Analysis

Objections to Evidence

As a preliminary matter, the Court notes that it has reviewed the parties' objections. The Court need not address each and every objection herein and will instead only address outcome-determinative objections as appropriate in connection with its analysis regarding Defendant's arguments.

Strict Liability

Plaintiffs allege that Mr. Leonard was exposed to asbestos from insulation aboard several ships manufactured by Defendant General Dynamics. Defendant contends that it cannot be liable on a strict product liability claim because of this Court's holding in Mack. It is true that this Court has held that a Navy ship is not a "product" for purposes of application of strict product liability law. Mack, 896 F. Supp. 2d at 345. As such, a shipbuilder defendant such as General Dynamics cannot face liability on a strict product liability claim. Id.

---

Accordingly, summary judgment in favor of Defendant is warranted with respect to Plaintiffs' claims against it sounding in strict product liability. Anderson, 477 U.S. at 248.

However, the Court's holding in Mack does not preclude liability for a shipbuilder on a claim sounding in negligence. Therefore, the Court next considers, separately, Defendant's potential liability and/or entitlement to summary judgment with respect to Plaintiffs' negligence claims.

### No Duty to Warn / Exposure / Causation

General Dynamics argues that, as a shipbuilder, it had no duty to warn Mr. Leonard about any of the hazards aboard the ships it built. However, this Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). As such, a shipbuilder defendant such as General Dynamics may be liable on a negligence claim if Plaintiffs show that its failure to warn about asbestos hazards on the ship was a breach of this duty that caused Mr. Leonard's illness. Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id.

Defendant General Dynamics argues that Plaintiffs have no evidence of asbestos exposure for which it is liable. Plaintiffs have presented evidence that Mr. Leonard was exposed to respirable dust from thermal insulation that was original to the ships at issue. Importantly, however, Plaintiffs have no evidence that any of the insulation aboard any of the ships at issue (whether original or replacement insulation) contained asbestos. As Defendant's objections imply, although Mr. Ay provides testimony that the thermal insulation he saw used in connection with the application that was at issue in Mr. Leonard's case contained asbestos <u>on all the ships on which he (Mr. Ay) had worked</u>, he does not claim to have served aboard any of the ships at issue, and does not assert that there is reason to conclude that the pertinent insulation aboard Mr. Leonard's ships (or all Navy ships) would have contained asbestos. As such, no reasonable jury could conclude from the evidence that Defendant's failure to warn about asbestos insulation aboard the ships at issue was a cause of Mr. Leonard's asbestos-related illness because there is no evidence that Mr. Leonard was ever exposed to asbestos from insulation aboard the ships at issue – and any such conclusion by a jury would be impermissibly

E.D. Pa. No. 2:12-60177-ER          **AND IT IS SO ORDERED.**

                                    /s/ Eduardo C. Robreno
                                    _____
                                    EDUARDO C. ROBRENO, J.

---

speculative. See Conner, 842 F. Supp. 2d at 801; Lindstrom, 424 F.3d at 492. Accordingly, summary judgment in favor of Defendant is warranted with respect to Plaintiffs' negligence claims against it. Anderson, 477 U.S. at 248-50.

In light of this determination, the Court need not reach Defendant's remaining argument.

D.  Conclusion

Summary judgment in favor of Defendant is warranted with respect to all of Plaintiffs' claims against it.

9